UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH E. WOODHOUSE,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK EATON, Acting Warden,<br><br>    Respondent. | Case No. 19-cv-04546-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d)—the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 10. Alternatively, Respondent argues that the sole claim in the petition is procedurally defaulted. *Id.* at 5-7.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

**I.  BACKGROUND**

Following a jury trial, Petitioner was convicted of thirty counts of committing lewd or lascivious acts on a child under the age of fourteen years. Dkt. 1 at 1-2.[1] The jury found true thirty multiple victim allegations, one attached to each count, which required alternative sentencing in Santa Clara County Superior Court Case No. C1198468. *Id.* The charged crimes involved nine young girls. The trial court sentenced Petitioner to thirty years to life in state prison. Resp't Ex. 1 at 1.

On May 26, 2016, the California Court of Appeal affirmed the judgment in an unpublished decision. Resp't Ex. 1 at 2, 24. On August 10, 2016, the California Supreme Court denied

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

review.  Resp't Ex. 2.

On July 17, 2017,[2] Petitioner filed a habeas petition in the Santa Clara County Superior Court, which denied the petition on August 24, 2017.  Resp't Exs. 3 & 4.

On September 22, 2017, Petitioner filed a habeas petition in the California Court of Appeal, which denied the petition on October 13, 2017.  Resp't Ex. 5.

On October 23, 2017, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on January 17, 2018.  Resp't Exs. 6 & 7.

On March 19, 2018, Petitioner filed his first habeas corpus action in this Court, *Woodhouse v. Anglea*, Case No. 18-cv-01874-YGR (PR).  *See* Dkt. 1 at 9 in Case No. 18-cv-01874-YGR (PR).  Respondent filed a motion to dismiss for failure to exhaust the sole claim in the petition.  *See* Dkt. 10 in Case No. 18-cv-01874-YGR (PR).  In an Order dated January 22, 2019, the Court granted the motion to dismiss without prejudice and entered judgment.  *See* Dkt. 14 in Case No. 18-cv-01874-YGR (PR).  On March 12, 2019, this Court denied a request for a certificate of appealability.  *See* Dkt. 20 in Case No. 18-cv-01874-YGR (PR).  On October 25, 2019, the Ninth Circuit denied a denied a request for a certificate of appealability.  *See* Dkt. 22 in Case No. 18-cv-01874-YGR (PR).

On March 29, 2019, Petitioner filed a habeas petition in the California Supreme Court raising the same claim he raises in the present petition.  Resp't Ex. 8.  On June 26, 2019, the California Supreme Court denied the petition.  Resp't Ex. 9.

On July 25, 2019, Petitioner filed the instant petition—his second habeas corpus action in this Court.  Dkt. 1 at 6.

---

[2] According to the mailbox rule, a *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court).  A proof of service is sufficient to show "delivery" to prison officials.  The Court assumes that Petitioner delivered his state and federal petitions to prison officials on the same dates the proofs of service were signed or the same dates the petitions were signed (if no proofs of service included).  *See Koch v. Ricketts*, 68 F.3d 1191, 1193 (9th Cir. 1995) (petitioner assumes risk of proving date of mailing).  Otherwise, the Court will use the filing date if the record does not indicate the date a particular petition was signed.

## II. DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), o*verruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, he bears the burden of demonstrating that the limitations period was

3

sufficiently tolled under statutory and/or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the present case, the California Supreme Court denied review on August 10, 2016. The judgment became final for purposes of the AEDPA statute of limitations ninety days later, on November 8, 2016. *See Miranda*, 292 F.3d at 1065; *Bowen*, 188 F.3d at 1159. The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until November 8, 2017 to file his federal petition. *See* 28 U.S.C. § 2244(d). Because he did not file the present petition until July 25, 2019—almost two years after the limitations period had expired—it is untimely unless Petitioner can show that he is entitled to tolling.

**A.     Statutory tolling**

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

In the instant case, the limitations period ran from November 9, 2016 to July 16, 2017, for 249 days, before Petitioner filed his state habeas petition in the state superior court. Thus, when Petitioner filed his first state habeas petition on July 17, 2017, he had 116 days (365 days minus 249 days) of the limitations period remaining. Pursuant to *Carey*, statutory tolling of the limitations period should apply to the entire time he was pursuing state collateral relief if he did not delay unreasonably in seeking review in the higher court. *Id.* Because Petitioner initiated his first round of state habeas petitions during AEDPA's limitations period, and did not unreasonable delay between those filings, he is entitled to statutory tolling for the entire time period those petitions were pending—from July 17, 2017 (the date he filed his state habeas petition in the state superior court) to January 17, 2018 (the date the state supreme court denied his state habeas petition). As mentioned above, when Petitioner filed his first state habeas petition on July 17, 2017, he had 116 days of the limitadons period remaining. When the clock resumed on January 18, 2018, Petitioner had 116 more days or up to and until May 14, 2018, to file a timely federal

4

habeas petition.

Petitioner is not entitled to statutory tolling for the time period the second round of state habeas petitions were pending because they were filed on April 4, 2019—after the limitations period had expired on May 14, 2018. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Nor is Petitioner entitled to continuous statutory tolling between his first round of state habeas petitions and his subsequent rounds of state habeas petitions. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (no tolling for the period between unrelated sets of state habeas corpus actions).

Petitioner's original federal petition in this case was filed on March 19, 2018, which was *before* the aforementioned statutorily-tolled filing deadline of the May 14, 2018. However, as mentioned, that first federal habeas petition was denied for failure to exhaust judicial remedies. Respondent argues that the timely filing of Petitioner's original petition does not toll AEDPA's limitations period with respect the instant petition (his second habeas petition). Dkt. 10 at 4 (citing *Duncan v. Walker*, 533 U.S. 167, 172 (2001) (a federal petition does not qualify for tolling under section 2244(d)). This Court agrees with Respondent and, thus, it finds that statutory tolling does not save the instant petition from being found to be untimely.

Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show he is entitled to equitable tolling.

**B.     Equitable Tolling**

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

5

claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable in most cases, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), that "the extraordinary circumstances were the cause of his untimeliness . . . and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks, brackets, and citations omitted).

Here, Petitioner has not alleged that he is entitled to equitable tolling. Thus, nothing currently in the record suggests the possibility of equitable tolling. In his petition, Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances that were beyond his control and that made it impossible to file a timely federal petition. Thus, it was Petitioner's delay in pursuing his state court remedies, rather than extraordinary circumstances, that led him to exceed the limitations period. *See Miranda*, 292 F.3d at 1065. The limitations period will not be equitably tolled.

Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).[3]

### III.   CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to

---

[3] Because the Court is granting Respondent's motion to dismiss the petition as untimely, it need not address Respondent's alternative argument that the sole claim in the petition is procedurally defaulted.

6

require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

### IV. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss the petition as untimely is GRANTED, and this action is DISMISSED with prejudice. Dkt. 10.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

4. The Clerk of the Court shall terminate all pending motions and close the file.

5. This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated: March 1, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

7